**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ESTATE OF ERICH A. STUBBE<br>By Special Administrator Anna P. Stubbe,<br>and ANNA P. STUBBE, Individually and<br>on Behalf of the Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>MARCUS T. COLLINS, DEAN HEALTH<br>PLAN, INCORPORATED, and STATE<br>FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 3:19-cv-1125 |

**CIVIL COMPLAINT**

**NOW COME** the Plaintiffs, the Estate of Erich A. Stubbe, by its Special Administrator, Anna P. Stubbe, and Anna P. Stubbe, Individually and on Behalf of the Decedent, by and through their attorneys, Hupy and Abraham, S.C., by Attorney Brandon D. Derry, and as for their Complaint against the Defendants, allege and show to the Court as follows:

**JURISDICTION AND VENUE**

1. That this is a civil action or claim against the United States of America arising out of the Federal Tort Claims Act, 28 U.S.C. § 2674, and therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346.

2. That this is also a civil action or claim against Marcus T. Collins arising under the Constitution of the United States, for the deprivation of rights secured by the Constitution of the United States, pursuant to and under the principles set forth in *Bivens v. Six Unknown Named*

*Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), and therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. That this Court has jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367.

4. That the Plaintiffs submitted proper notice and proof of their claims for injuries and damages to the United States Marshals Service on August 27, 2026; that the United States Marshals Service acknowledged this notice and proof of claim as received on August 31, 2026; that the United States Marshals Service denied the Plaintiffs' claims on October 20, 2026; and that, therefore, the Plaintiffs have exhausted their administrative remedies pursuant to 28 U.S.C. § 2401 and Fed. R. Civ. P. 9(c).

5. That the events causing the Plaintiffs' injuries and damages took place in the Town and County of Jefferson, Wisconsin, and therefore, venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) and 32 C.F.R. § 750.32.

## **PARTIES**

6. That the Decedent, Erich A. Stubbe, was an adult resident of the Town and County of Jefferson, Wisconsin, who resided at N4776 State Trunk Highway 89, Zip Code 53549; that the Decedent, Erich A. Stubbe, was pronounced dead on November 19, 2024, as a result of injuries from the subject incident of November 15, 2024; that Anna P. Stubbe has been appointed Special Administrator of the Estate of Erich A. Stubbe; and that at the time of his death, the Decedent, Erich A. Stubbe, had no minor or adult children.

7. That the Plaintiff, Anna P. Stubbe, is an adult resident of the Town and County of Jefferson, Wisconsin, currently residing at N4776 State Trunk Highway 89, Zip Code 53549; and that Anna P. Stubbe was the wife of the Decedent, Erich A. Stubbe, at the time of his death.

8. That the Defendant, the United States of America, is amenable to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b); that pursuant to Fed. R. Civ. P. 4(i)(1)(A), service of process upon the Defendant, the United States of America, shall be delivered to United States Attorney for the Western District of Wisconsin, Chadwick M. Elgersma, located at 222 West Washington Avenue, Suite 700, Madison, Wisconsin, Zip Code 53703; that pursuant to Fed. R. Civ. P. 4(i)(1)(B), service of process upon the Defendant, the United States of America, shall also be sent by registered or certified mail to the United States Attorney General, Todd Blanche, located at 950 Pennsylvania Avenue Northwest, Washington, District of Columbia, Zip Code 20530; that, upon information and belief, the Defendant, the United States of America, may be self-insured; and that the Defendant, the United States of America, employed and/or used as an agent the Defendant, Marcus T. Collins, at the time of the subject incident that occurred on or about November 15, 2024.

9. That the Defendant, Marcus T. Collins, upon information and belief, is an adult resident of the City of Madison, County of Dane, Wisconsin, currently residing at 2 Bennett Court, Zip Code 53719; that at all relevant times material hereto, the Defendant, Marcus T. Collins, was acting under the color of federal law in his capacity as an employee of the United States Marshals Service and was acting in the course and scope of his employment therein; and that the Defendant, Marcus T. Collins, is sued in his individual capacity.

10. That the Defendant, Dean Health Plan, Incorporated, is a domestic health maintenance organization, organized and existing under the laws of Wisconsin, with its principal place of business located at 1277 Deming Way, Madison, Wisconsin, Zip Code 53717; that the registered agent in Wisconsin for the Defendant, Dean Health Plan, Incorporated, is CT Corporation System, located at 301 South Bedford Street, Suite One, Madison, Wisconsin, Zip

Code 53703; and that the Defendant, Dean Health Plan, Incorporated, alleges to have paid out money on behalf of the Decedent, Erich A. Stubbe, and is therefore named as an alleged subrogated party in this action pursuant to Fed. R. Civ. P. 19(a)(1)(B).

11. That the Defendant, Dean Health Plan, Incorporated, is not entitled to reimbursement or subrogation.

12. That the Defendant, State Farm Mutual Automobile Insurance Company, is a foreign insurance company, organized and existing under the laws of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois, Zip Code 61710; that the registered agent in Wisconsin for the Defendant, State Farm Mutual Automobile Insurance Company, is Corporation Service Company, located at 33 East Main Street, Suite 610, Madison, Wisconsin, Zip Code 53703; and that the Defendant, State Farm Mutual Automobile Insurance Company, alleges to have paid out medical payment benefits on behalf of the Decedent, Erich A. Stubbe, and is therefore named as an alleged subrogated party in this action pursuant to Fed. R. Civ. P. 19(a)(1)(B).

13. That the Defendant, State Farm Mutual Automobile Insurance Company, is not entitled to reimbursement or subrogation.

## FIRST CAUSE OF ACTION:<br>GENERAL NEGLIGENCE

14. That on or about November 15, 2024, the Decedent, Erich A. Stubbe, was the operator of a motorcycle, traveling northbound on State Trunk Highway 89, at or near the intersection with County Trunk Highway Q, in the Town and County of Jefferson, Wisconsin; and that at that same time and place, the Defendant, Marcus T. Collins, was the operator of a motor vehicle, also traveling northbound on State Trunk Highway 89, when he negligently operated his

motor vehicle and collided with the motorcycle operated by the Decedent, Erich A. Stubbe, thereby causing the Decedent's injuries, damages, and subsequent death.

15. That the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, were the direct and proximate cause of the injuries, damages, and subsequent death of the Decedent, Erich A. Stubbe.

16. That, upon information and belief, the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, were committed while the Defendant, Marcus T. Collins, was acting in the course and scope of his employment and/or agency with the Defendant, the United States of America; and that the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, were a direct and proximate cause of the injuries, damages, and subsequent death of the Decedent, Erich A. Stubbe, as set forth herein.

17. That pursuant to 28 U.S.C. § 2674, the Defendant, the United States of America, is liable for the negligence of the Defendant, Marcus T. Collins.

18. That as a result of the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, the Decedent, Erich A. Stubbe, sustained injuries and damages, including, but not limited to, injuries to his body and emotional distress; that he suffered conscious pain and suffering and pre-death terror; that he received injuries that resulted in his death; that he sustained damages to his motorcycle that significantly diminished its value; that he sustained damages to his personal property that significantly diminished its value; that he received medical treatment and the inability to earn an income as a result of his injures and death; and that the Plaintiff, Anna P. Stubbe, has been damaged to the extent of the cost of, including, but not limited to, a death certificate, funeral expenses, cremation expenses, sperm cryopreservation storage, medical expenses, and financial support and contribution, as more fully described herein.

**SECOND CAUSE OF ACTION:**
**WRONGFUL DEATH**

As for a second cause of action, the Plaintiffs repeat and reallege all of the allegations contained previously herein, incorporate the same by reference, and further allege and show to the Court as follows:

19. That the Plaintiff, Anna P. Stubbe, was the wife of the Decedent, Erich A. Stubbe, and as such, is the statutory beneficiary of a Wrongful Death claim pursuant to Wis. Stat. § 895.04(2).

20. That by reason of the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, the Plaintiff, Anna P. Stubbe, has lost the care, comfort, and society of her husband, the Decedent, Erich A. Stubbe; that she has suffered grief, sorrow, and mental pain and suffering as a result, and has incurred the costs of, including, but not limited to, a death certificate, funeral expenses, cremation expenses, sperm cryopreservation storage, medical expenses, and financial support and contribution.

21. That pursuant to 28 U.S.C. § 2674, the Defendant, the United States of America, is liable for the negligence of the Defendant, Marcus T. Collins.

**THIRD CAUSE OF ACTION:**
**SURVIVAL ACTION**

As for a third cause of action, the Plaintiffs repeat and reallege all of the allegations contained previously herein, incorporate the same by reference, and further allege and show to the Court as follows:

22. That the Defendant, Marcus T. Collins, was negligent in the operation of the United States Marshals Service-owned motor vehicle and failed to exercise reasonable care in the operation of his motor vehicle.

23. That the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, were the direct and proximate cause of the injuries, damages, and subsequent death of the Decedent, Erich A. Stubbe.

24. That had the Decedent, Erich A. Stubbe, survived, he would have been entitled to bring an action for damages, and such action is survived here.

25. That as a result of the foregoing acts of negligence on the part of the Defendant, Marcus T. Collins, the Decedent, Erich A. Stubbe, sustained injuries and damages, including, but not limited to, injuries to his body and emotional distress; that he suffered conscious pain and suffering and pre-death terror; that he received injuries that resulted in his death; that he sustained damages to his motorcycle that significantly diminished its value; that he sustained damages to his personal property that significantly diminished its value; that he received medical treatment and the inability to earn an income as a result of his injures and death, and that the Plaintiff, the Estate of Erich A. Stubbe, by its Special Administrator Anna P. Stubbe, hereby brings a survival action.

26. That pursuant to 28 U.S.C. § 2674, the Defendant, the United States of America, is liable for the negligence of the Defendant, Marcus T. Collins.

**FOURTH CAUSE OF ACTION:**
***BIVENS* ACTION**

As for a fourth cause of action, the Plaintiffs repeat and reallege all of the allegations contained previously herein, incorporate the same by reference, and further allege and show to the Court as follows:

27. That on or about November 15, 2024, the Decedent, Erich A. Stubbe, was the operator of a motorcycle, traveling northbound on State Trunk Highway 89, at or near the intersection with County Trunk Highway Q, in the Town and County of Jefferson, Wisconsin; and

that at that same time and place, the Defendant, Marcus T. Collins, was the operator of a motor vehicle, also traveling northbound on State Trunk Highway 89, when he collided with the motorcycle operated by the Decedent, Erich A. Stubbe, thereby causing the Decedent's injuries, damages, and subsequent death.

28. That at the time of the incident that occurred on or about November 15, 2024, the Defendant, Marcus T. Collins, was on duty and employed by the Defendant, the United States of America, under the United States Marshals Service, and was a "person" acting under the color of federal law, giving rise to this cause of action for unconstitutional conduct pursuant to *Bivens*.

29. That prior to the incident that occurred on or about November 15, 2024, the Defendant, Marcus T. Collins, acted intentionally with disregard for the lives of others, including the Decedent, Erich A. Stubbe, in the operation and use of a motor vehicle owned and maintained by the United States Marshals Service.

30. That the Defendant, Marcus T. Collins, testified, in court under oath, that prior to the incident that occurred on or about November 15, 2024, he was aware that the Decedent, Erich A. Stubbe, was operating a motorcycle directly in front of him, traveling in the same direction.

31. That the Defendant, Marcus T. Collins, testified, in court under oath, that prior to the incident that occurred on or about November 15, 2024, that despite knowing that the Decedent, Erich A. Stubbe, was traveling directly in front of him, the Defendant, Marcus T. Collins, intentionally chose to continue driving while navigating various applications on his personal phone, receiving and sending text messages, and watching videos on his personal phone in direct violation of Executive Order 13531 and USMS Policy Directive 7.2 Vehicle Use and Maintenance, among other rules, orders, procedures, and policies.

32. That the Defendant, Marcus T. Collins, testified, in court under oath, that prior to the incident that occurred on or about November 15, 2024, that despite knowing the Decedent, Erich A. Stubbe, was traveling directly in front of him, the Defendant, Marcus, T. Collins, intentionally chose to continue driving distracted and was operating his motor vehicle above the posted speed limit.

33. That after the incident that occurred on or about November 15, 2024, law enforcement downloaded data from the motor vehicle that the Defendant, Marcus T. Collins, was operating, and such data showed that one second before the crash, the Defendant, Marcus T. Collins, was still operating above the posted speed limit with the accelerator activated and no brakes engaged.

34. That at the time of the collision, the Decedent, Erich A. Stubbe, had slowed his motorcycle and was attempting to turn into the driveway of his home—operating considerably slower than the Defendant, Marcus T. Collins; and that the Defendant, Marcus T. Collins, continued to operate his motor vehicle above the posted speed limit, while navigating various applications on his personal phone, receiving and sending text messages, and watching videos on his personal phone.

35. That the Defendant's, Marcus T. Collins, intentional disregard for the lives of others caused the Decedent's injuries, damages, and subsequent death.

36. That the Defendant's, Marcus T. Collins, actions, the only purpose of which was to cause harm unrelated to a legitimate object of an arrest, constitutes arbitrary conduct shocking to the conscience akin to *Flores v. City of South Bend*, 997 F.3d 725 (7th Cir. 2021).

37. That the Defendant, Marcus T. Collins, knew of the substantial risk of injury or death he created to others by driving and simultaneously navigating various applications on his

personal phone, receiving and sending text messages, and watching videos on his personal phone, while on duty and acting under the color of federal law, giving rise to this cause of action for unconstitutional conduct pursuant to *Bivens*; that the Defendant, Marcus T. Collins, consciously disregarded that risk and was deliberately indifferent to the imminent harm that he would cause, as illustrated in *Flores*; that the Defendant, Marcus T. Collins, acted intentionally or with reckless disregard for the Decedent's, Erich A. Stubbe, Fifth Amendment rights, thereby depriving him of the protections provided therein, including his due process rights, as established in *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264 (1979); and that such acts of intentional or reckless disregard for the Decedent's, Erich A. Stubbe, constitutional rights on the part of the Defendant, Marcus T. Collins, were the direct and proximate cause of the injuries, damages, and subsequent death of the Decedent, Erich A. Stubbe.

38. That as a result of the Defendant's, Marcus T. Collins, intentional or reckless disregard for the lives of others, the Decedent, Erich A. Stubbe, sustained injuries and damages, including, but not limited to, injuries to his body and emotional distress; that he suffered conscious pain and suffering and pre-death terror; that he received injuries that resulted in his death; that he sustained damages to his motorcycle that significantly diminished its value; that he sustained damages to his personal property that significantly diminished its value; and that he incurred medical bills and lost the ability to earn an income as a result of his injuries and subsequent death.

**WHEREFORE**, the Plaintiffs, the Estate of Erich A. Stubbe, by its Special Administrator, Anna P. Stubbe, and Anna P. Stubbe, Individually and on Behalf of the Decedent, demand Judgment against the Defendants in the following forms: for compensatory damages as the Court may deem just and equitable, for punitive damages resulting from the Defendant's, Marcus T. Collins, intentional or reckless disregard of the rights of the Decedent, together with costs and

disbursements of this action, for reasonable attorney's fees associated with this action, for dismissal of any and all subrogation or reimbursement claims in this matter, and for any further relief that the Court may deem just and equitable.

**JURY DEMAND**

**PLEASE TAKE NOTICE** that the Plaintiffs in the above-entitled action hereby demand a trial by jury.

Dated this 17th day of November, 2026.

*/s/ Brandon D. Derry*
Brandon D. Derry
State Bar Number: 1055908
Attorney for the Plaintiffs, the Estate of
Erich A. Stubbe and Anna P. Stubbe
Hupy and Abraham, S.C.
3001 West Beltline Highway, Suite 204
Madison, Wisconsin 53713
Telephone: (608) 277-7777
Email: BDerry@hupy.com